IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DR. DEMETRI MARSHALL, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-14-1441 |
| § | | |
| TEXAS COMMISSION OF HEALTH § | | |
| AND HUMAN SERVICES, *et al.*, § | | |
| Defendants. § | | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss [Doc. # 5] filed by Defendants Texas Commission of Health and Human Services ("Texas HHS") and Office of the Attorney General for the State of Texas ("Texas OAG"), to which Plaintiff Demetri Marshall filed a Response [Doc. # 9], and Defendants filed a Reply [Doc. # 10]. Having reviewed the full record and applied governing legal authorities, the Court **grants** the Motion to Dismiss.

## I.  BACKGROUND

Plaintiff was ordered to make child support payments by order of the Harris County District Court in February 1997, and the child support order was modified in March 1998. Plaintiff alleges that the Harris County District Court held him in contempt in September 2001 for failure to comply with the child support order, but he denies that he was in contempt.

Plaintiff alleges that a Mississippi state court in 2010 declined to domesticate the Texas child support order. In May 2011, Plaintiff was indicted in the Southern District of Texas for failure to pay child support in violation of 18 U.S.C. § 228(a)(3). He was acquitted following a jury trial in February 2012.

Plaintiff alleges that in September 2012 he applied for a United States Passport. He alleges that the State Department denied his application, advising him that he "was ineligible for a passport due to an outstanding child support balance." *See* Complaint [Doc. # 1], p. 2. Based on the Mississippi Court's refusal to domesticate the Texas child support order, and on his acquittal of the criminal charges in the Southern District of Texas, Plaintiff alleges that he does not owe additional child support payments.[1]

Plaintiff filed this lawsuit in federal court asserting a claim pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants Texas HHS and Texas OAG violated his rights under the Fifth and Fourteenth Amendments by reporting that he owes

---

[1] Plaintiff does not ask this Court to modify or vacate the Texas child support order. Instead, Plaintiff argues that Defendants are incorrectly reporting that he owes additional child support because the Texas child support order is no longer valid in light of the decision by the Mississippi state court and the acquittal of the criminal charge in the Southern District of Texas. The Court, in any event, would lack jurisdiction to modify the Texas child support order if requested. *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004).

additional child support. Defendants filed their Motion to Dismiss, which has been fully briefed and is now ripe for decision.

## II. ANALYSIS

Defendants assert that they are entitled to sovereign immunity under the Eleventh Amendment. Absent waiver, a state and its agencies are immune from lawsuits brought in federal courts. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273, 280 (5th Cir. 2002). The Eleventh Amendment is a jurisdictional bar that "applies regardless of the nature of the relief sought" against the state or state agency. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Lewis v. Univ. of Texas Med. Branch*, 665 F.3d 625, 630 (5th Cir. 2011).

There is no dispute in this case that the Texas HHS and the Texas OAG are state agencies. Congress when enacting § 1983 did not waive the states' Eleventh Amendment immunity. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). The State of Texas by enacting the Texas Tort Claims Act waived its sovereign immunity in certain circumstances, but not as to lawsuits that are filed in federal court. *See* TEX. CIV. PRAC. & REM. CODE § 101.102; *Sherwinski v. Peterson*,

98 F.3d 849, 852 (5th Cir. 1996). As a result, Plaintiff's claims against the state agency defendants are barred by the Eleventh Amendment and are dismissed.

Additionally, the Court notes that a state or state agency is not a "person" for purposes of liability under § 1983. *See Will*, 491 U.S. at 71; *Stotter v. Univ. of Texas at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007). For this reason also, Defendants are entitled to dismissal of this lawsuit.

### III. CONCLUSION AND ORDER

Plaintiff's claims against the Texas HHS and the Texas OAG are barred by the Eleventh Amendment. Additionally, the state agency defendants are not "persons" for purposes of a § 1983 claim. Consequently, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 5] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. The Court will issue a separate final Dismissal Order.

SIGNED at Houston, Texas, this **3rd** day of **September, 2014**.

_____
Nancy F. Atlas
United States District Judge